## LIABILITY FOR INJURY IN ELEVATOR OF EMPLOYEE OF TENANT.

Circuit Court of Cuyahoga County.

THE COBB-BRADLEY REALTY COMPANY v. FANNIE HARE.

Decided, February, 1903.

*Passenger Elevators—Liability of Owner Not Increased by Employment or Minor as Operator.*

The liability of the owners of an office building to tenants in the use of its passenger elevators is that of a carrier of passengers, and such liability is not altered by the employment of a minor as an operator; hence, in an action by a tenant for personal injuries resulting from the negligent operation of an elevator, an allegation that the laws of the state make it unlawful to employ a minor, such as the one operating the elevator at the time of the accident, should, on motion, be stricken from the petition.

*O. C. Pinney,* for plaintiff in error.
*Olds & Willet,* contra.

HALE, J.; WINCH, J., and MARVIN, J., concur.

The plaintiff in error was, at the time of the transaction complained of, the owner of a building known as "The Birmingham" located on Euclid avenue in the city of Cleveland, and maintained and operated therein for the accommodation of its tenants an electric elevator.

On the 22d of April, 1899, the defendant in error was employed by a tenant in that building and entered the elevator for the purpose of riding from the sixth to the first floor. She alleges in her petition that she was injured while thus in the elevator, by the carelessness and negligence of the employees of the plaintiff in error in operating said elevator.

She alleges that said elevator was negligently run by defendant's employee to the basement of the building and by the first floor and entrance to said building, where plaintiff desired to leave said elevator, so that the elevator struck the bottom of the shaft with such force as to severely injure the plaintiff's spine

and back, and, in consequence of such injury, plaintiff was confined to her bed for fourteen weeks and still is unable to sit up for over two or three hours at a time and is permanently injured and will suffer from such injuries to her back and pelvic organs the remainder of her life.

She then describes more specifically the injuries of which she complains, and adds:

"The plaintiff says that the defendant was further guilty of negligence in the premises in that it employed and permitted the operator of said elevator to operate the same, knowing that many persons would daily ride up and down in said elevator many times, said block or building containing many tenants of defendant many of whom employed a large number of persons at dressmaking and other pursuits; and knowing that said operator, John Neely, a boy about fifteen years of age, was inexperienced and incompetent to operate an electric elevator such as said elevator was, or by the exercise of ordinary care could have known him to be inexperienced and incompetent, although plaintiff did not know it."

She further alleges that the plaintiff in error was negligent in failing to keep the elevator in proper repair, and to provide the same with automatic stops or other devices in general use on elevators of that kind in Cleveland and elsewhere, such as would prevent said elevator running down below the first floor of said building.

The petition then alleges:

"Plaintiff says that the defendant was further guilty of negligence in that it employed and permitted said operator, a boy of fifteen years of age, and less than twenty-one years of age, to operate said electric elevator in the state of Ohio, said defendant being in said state, contrary to the laws of Ohio and contrary to Section 2575-91, Sub-Section 31h, of the Revised Statutes of Ohio, which is as follows: 'No person under twenty-one years of age shall be employed in running or operating any electric, steam or hydraulic passenger or freight elevators, and it shall be unlawful for any firm, company or person in the state of Ohio owning, operating, or having in charge any such passenger or freight elevator or elevators to employ a person under twenty-one years of age to run or operate any such elevator.' "

The answer denies substantially all the allegations of the petition and for an affirmative defense alleges that the building and the elevator at the time of this transaction were under the control and management of an independent contractor who alone was responsible for any negligence growing out of this transaction. Upon this proposition, however, under the charge of the court, the jury properly found in favor of the defendant in error.

On the trial, testimony was given by the defendant in error tending to show the claim made by her, and by the plaintiff in error tending to rebut any such claim.

Before answering the petition, the plaintiff in error filed a motion asking that various allegation of the petition be stricken from the petition, and, among others, the clause pleading the statute above quoted, which motion was overruled and an exception noted.

At the close of the evidence, upon the effect of this statute the court charged the jury as follows:

"It is claimed that the defendant company was negligent in that it employed a boy of the age of fifteen years and less than twenty-one years of age, to operate the electric elevator in contravention of the laws of the state."

He then read to the jury the statute above quoted and adds:

"The violation of this statute by the defendant, if you shall find that it was violated, is not in and of itself such negligence as will render the defendant company liable. It is simply the expression of the state, through its legislative body, of its policy with respect to the operation of elevators, and is evidence to be considered by you in connection with all the other evidence in the case. The mere fact of employing a boy under the age mentioned in the statute to which I have just referred, would not constitute negligence in and of itself."

To this charge an exception was noted.

In both the refusal to strike out from the petition, the statute pleaded and in this charge given to the jury, there was error.

The duty of the plaintiff in error to the defendant in error in the operation of the elevator was the same as that of a common carrier to a passenger—the highest degree of care must be the

measure of that duty. A failure in its performance would be negligence. The fact that the employment of a minor was prohibited by statute neither added to, nor detracted from such duty. If the duty was fully performed, there was no liability resting upon the plaintiff in error, whether the operation of the elevator was by a minor or an adult. Such liability arose only from the non-performance of such duty. We conceive it competent, however, to show who was operating the elevator at the time of the accident, his age, competency and the like, but the existence of the statute should have no weight in determining the liability of the plaintiff in error for negligence in the operation of the elevator.

We are dealing with the relation of the common carrier to a passenger and the responsibility of the plaintiff in error therein must be determined by the manner in which it performed its duty growing out of that relation.

The case of *Jacobs* v. *The Fuller & Hutsinpiller Co.*, 67 O. S., 70, sustains, we think, this proposition. That case, it is true, involved different facts. The relation of master and servant was *therein* considered, but certainly no stronger reasons existed for the conclusion of the consideration of the statute in *that* case than those existing for the exclusion of the statute in *this* case.

Again, on review of the evidence contained in the bill of exceptions, we are of the opinion that the damages awarded to the defendant in error were grossly excessive and for that reason the motion for a new trial should have been granted and, in not so ruling, there was error.

The evidence shows clearly that the disabilities under which the defendant in error now claims to be suffering, are not wholly due to the injuries which she received in that transaction.

We find no other prejudicial error apparent upon this record.

The judgment of the court of common pleas is reversed and the cause remanded for a new trial.